**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LUIS RODRIGUEZ,** | : |
| | : |
| Petitioner, | : CIVIL NO. 3:CV-05-0420 |
| | : |
| vs. | : **(CHIEF JUDGE VANASKIE)** |
| | : |
| **RONNIE R. HOLT,** | : |
| | : |
| Respondent. | : |

**O R D E R**

**November 18, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Luis Rodriguez, an inmate currently confined at the Federal Correctional Institution at Schuylkill, Pennsylvania, sought habeas corpus relief in connection with the Bureau of Prisons' method for calculating good time credits. On April 1, 2005, the Court issued a Memorandum and Order denying the petition and directing the Clerk of Court to close this case. (Dkt. Entry 5.) Presently pending is a document filed by Rodriguez on November 16, 2005, entitled "Motion to Re-Open Time in which to File an Appeal." (Dkt. Entry 10.) In the motion Rodriguez contends that he never received a copy of this Court's April 1, 2005 closing Memorandum and Order, and only learned of it when he requested a copy of the docket sheet in this matter on October 24, 2005.

Federal Rule of Appellate Procedure 4(a) addresses appeals as of right in a civil case. Subsection (6) of Rule 4(a) concerns the matter of reopening the time to file an appeal. It provides, in relevant part, as follows:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> > (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
> >
> > (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
> >
> > (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(A)(6). "This provision establishes an *outer time limit* of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal. . . ." Fed. R. App. P. 4 advisory committee's notes to 1991 amendment (emphasis added).

In the instant case, the closing order was issued on April 1, 2005. Rodriguez contends he never received a copy of the Memorandum and Order. Even assuming this to be true, he has not met the 180-day outer time limit of Rule 4(a)(6)(A) in making his request to the Court to reopen the period of time within which to file an appeal. Subsection (6)(A) above requires that

the motion be filed within 180 days after the court's Order is entered or within 7 days after the moving party receives notice, <u>whichever is earlier</u>.  The Court's Order was issued on April 1, 2005; 180 days from this date is approximately September 29, 2005.  This date is earlier than October 31, 2005, which would be 7 days after Rodriguez allegedly learned of the Court's April 1, 2005 Memorandum and Order closing his case.[1]  Rodriguez clearly does not satisfy the requirements for reopening the time for filing an appeal.  See <u>Vencor Hospitals, Inc. v. Standard Life and Acc. Ins. Co.</u>, 279 F.3d 1306, 1310 (11th Cir. 2002); <u>Weaver v. Larkins</u>, No. 97-0061, 1999 WL 79054 (E.D. Pa. Feb. 8, 1999).

**ACCORDINGLY, IT IS HEREBY ORDERED THAT** Petitioner's "Motion to Reopen" (Dkt. Entry 10) is **DENIED**.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania

---

[1] Even if Rodriguez did not receive a copy of the April 1, 2005 Memorandum and Order, a subsequent Order was issued in this case on September 14, 2005 (Dkt. Entry 7), denying a motion filed by Petitioner to grant good time.  The Court denied the motion in light of the fact that the case had been closed for more than five months.  Thus, Rodriguez was at least on notice upon receipt of this Order that his case was no longer pending.